# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3782 | **DATE** | 6/21/2001 |
| **CASE TITLE** | JAMES ZEIGLER vs. DREISILKER ELECTRIC MOTORS, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendant Dreisilker Motor's Inc. is entitled to judgment as a matter of law on plaintiff's claims against it. Accordingly, Dreisilker's motion for summary judgment is granted. Status hearing and ruling date of 6/28/01 is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | JUN 2 2 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 26 |
| ✓ | Mail AO 450 form. | ED-7 FILED FOR DOCKETING 01 JUN 21 PM 2:54 | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| TBK | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES ZEIGLER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DREISILKER ELECTRIC MOTORS, INC., a )<br>corporation incorporated and doing business in )<br>Illinois, )<br>)<br>)<br>Defendant. ) | No. 00C 3782<br>Paul E. Plunkett, Senior Judge<br><br>**DOCKETED**<br>JUN 2 2 2001 |

## MEMORANDUM OPINION AND ORDER

Before the Court is defendant Dreisilker Electric Motors, ("Dreiksilker"), motion for summary judgement. For the reasons provided in this Memorandum Opinion and Order, the motion is granted.

### Facts

The facts following are undisputed unless otherwise noted. This is an age discrimination suit brought by James Zeigler, a fifty year old white male against Dreisilker Motor's Inc. Defendant Dreisilker is an Illinois corporation and is in the business of repairing and selling electric motors and related equipment to institutional, residential and commercial users. (Def.'s 56.1 (a)(3) Stmt. ¶¶1,2,3.) Plaintiff contends that his termination was based on age related discrimination. The Defendant's motion for



summary judgement contends that there is insufficient evidence from which a reasonable fact finder could find intentional discrimination.

## The Legal Standard

Federal Rules of Civil Procedure 56(c) allows the Court to grant summary judgement "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show that there is no genuine issue as to any material fact and that the moving party is entitled to judgement as a matter of law." In considering the evidence submitted by the parties, we do not weigh it or determine the truth of the asserted matters. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). All facts must be viewed and all reasonable inferences drawn in the light most favorable to the non-moving party. Transamerica Ins. Co. v. South, 975 F.2d 321, 327 (7th Cir. 1992). "If no reasonable jury could find for the party opposing the motion, it must be granted." Hedberg v. Indiana Bell Tel. Co., 47 F.3d 928, 931 (7th Cir. 1995) (citing Anderson, 477 U.S. at 248).

## Discussion

In order to establish a *prima facie* case of age discrimination under Title VII, plaintiff must either: (1) present direct or circumstantial evidence of alleged discriminatory intent, or (2) satisfy the requirements of the indirect-burden shifting analysis as articulated in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See, e.g., Monks v. Bell & Howell Mail Processing Sys. Co., No. 97 C 4410, 1998 WL 560271 (N.D. Ill., August 26, 1998).

Therefore, in order for a more thorough analysis of the issue, it needs to be broken down into its component parts. First, the court will consider (under the standards for summary judgement) whether nor not statements made by Leo Dreisilker and David Van Horn constitute direct circumstantial evidence of alleged discriminatory intent. The second will entail an analysis of the plaintiff's claims of indirect evidence (of discriminatory intent) under the McDonnell Douglas burden shifting method.

1. **Whether or not statements made by Leo Dreisilker and David Van Horn constitute direct circumstantial evidence of alleged discriminatory intent.**

The seventh circuit has held, under the direct evidence method, that the plaintiff needs to produce evidence which, "the trier of fact can interpret as an acknowledgment of the employer's discriminatory intent." Chiaramonte v. Fashion Bed Group, Inc., 129 F.3d 391, 396 (7th Cir. 1997). Such evidence therefore, "must relate to the motivation of the decision maker responsible for the contested decision." Id. at 396 (Internal citations omitted); See McCarthy v. Kemper Life Ins. Co., 924 F.2d 683, 686-687 (7th Cir. 1991). "If such proof is lacking, the remarks alone will not give rise to an inference of discrimination even when uttered by the ultimate decision maker." Fuka v. Thomson Consumer Elec., 82 F.3d 1397, 1402 (citations omitted). Finally, ambiguous statements not made contemporaneous with the adverse employment decision are insufficient as direct evidence of discrimination. Bickerstaff v. Nordstrom, Inc., 48 F. Supp. 2d 790, 797 (N.D. Ill. 1999).

The undisputed facts of the case indicate that there were conversations between Leo Dreisilker and Mark Kempe as well as David Van Horn and Mark Kempe some fourteen

months prior to the termination of the plaintiff.[1] In both of these conversations, statements were allegedly made both by Dreisilker and Van Horn concerning plaintiff's age.

From the first of these conversations, it is unclear whether there is any sort of discriminatory intent present. The statements "some of these guys were getting old" and they got to get with the new regime or format" are vague and do facially appear to be discriminatory.[2] However, this hardly constitutes direct evidence of discrimination against the older employees, in general or the plaintiff in particular. These statements, if made, preceded the termination of the plaintiff by more than a year. The statements were actually closer in time to a decision where Dreisilker had made an exception to company policy at plaintiff's request, and paid plaintiff's his sales commission in advance.[3] Any causal link between the statements and the actual termination is attenuated at best.[4]

Next, the plaintiff focuses his attention on a series of statements made by Van Horn (sales manager) to Kempe. Statements such as, "these old guys, we need somebody more aggressive . . . we need younger guys out there, and these old guys are just sitting back and milking the cow."[5] In keeping with the standard for summary judgement and drawing reasonable inferences in the light most favorable to the non-moving party one may reasonably conclude these statements as discriminatory and therefore sufficient enough evidence to send this case to trial. However, plaintiff has failed to produce any evidence that Van Horn took part in, was consulted about, or even influenced defendant's decision to terminate plaintiff. (See McCarthy; Fuka ). In order for the statements to

---

[1] Mark Kempe's Dep. ¶¶ 34, 39.
[2] See Kemp's Dep. at 35.
[3] See Def.'s 56.1(a)(3) Stmt. ¶ 24.
[4] See Def.'s 56.1(a)(3) Stmt. ¶ 51.
[5] See Kemp's Dep. at 41-43.

direct evidence of discrimination, they need to be made by the person who is the decision maker. (See McCarthy; Fuka). These statements also need to be made in such as manner so as to be contemporaneous with the adverse employment action. While it is likely that some of these statements may be admissible at trial and it may be possible for plaintiff to show that they had some impact on the decision maker, at this stage they simply do not, by themselves, demonstrate discrimination in the decision making process.

2. **Whether or not plaintiff's claims of indirect evidence of alleged discriminatory intent is supported under the burden-shifting method analysis.**

Absent any evidence of discriminatory intent, plaintiff must satisfy the McDonnell Douglas method of proof to defeat this motion. Under the McDonnell Douglas test a plaintiff must establish a *prima facie* case by demonstrating the following: (1) he is a member of a protected class; (2) he was performing to the employer's legitimate expectations; (3) despite his performance, he was discharged; and (4) similarly situated employees of a different class were treated more favorably. McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). If plaintiff's evidence survives this burden shifting analysis, a rebuttable presumption of discrimination would arise, and the burden of production would shift to the defendant to articulate a legitimate and non-discriminatory reason for the termination of the plaintiff. Perdomo v. Browner, 67 F.3d 140 (7th Cir. 1995); Sample v. Aldi, Inc., 61 F.3d 544, 547 (7th Cir. 1995). A plaintiff may establish that the reasons offered for his termination were "pretextual" in two ways, "1) a showing that a discriminatory reason more likely than not, motivated the decision to terminate or 2) by showing that the employers offered reason is unworthy of credence." Schmidt v. R.

Lavine & Sons, Inc., 2001 WL 290362, 6 (ND Ill 2001); Jackson v. E.J. Brock Corp., 176 F.3d 971, 983 (7th Cir. 1999). Therefore Dreisilker would be required to produce evidence of a legitimate and nondiscriminatory reason (for plaintiff's termination). Yet, "the fact that the employer was mistaken or based its decision on bad policy, or even just stupidity, goes nowhere as evidence that the proffered reason is pretextual." Grining v. F-A-R Transp. Serv., Inc., No. 96 C 841, 1997 WL 457502 (ND Ill., Aug. 7, 1997) at *3.

First, at fifty years old, it is an undisputed fact that the plaintiff is in the protected class and, being recognized as such, he satisfies the first prong of the McDonnell test.

At second step of the burden shifting analysis, the plaintiff encounters difficulty. Defendant had given plaintiff "above average" written performance evaluations in 1988, 1989, 1990, 1991, 1992, 1993, 1996 and 1997. The plaintiff did not receive a written performance evaluation in years 1994, 1995, 1998, and 1999.[6] In the absence of a decisive evaluation particular in 1998, it might be possible to infer that before the year in question (fiscal 1998), the plaintiff had been performing to defendant's expectations.

But fiscal year 1998 is the period that matters. During that year (when plaintiff received no written evaluation), plaintiff had a sales goal of $2,000,000. Defendant contends that this goal was based upon a figure plaintiff had set and submitted to the company. Plaintiff, on the other hand asserts that he only had "input" as to the sales goal and ultimately, it was the sales manager who established the goal. Both parties agree, however, that the sales goal was attainable and both parties agree that it was the obligation of every sales person to reach that goal.[7] It is an undisputed fact that plaintiff did not reach his sales goal for fiscal year 1998.

---

[6] See Def.'s 56.1(a)(3) Stmt. ¶ 11.
[7] See Def.'s 56.1(a)(3) Stmt. ¶¶ 12, 13, 14, 15 and Compare Def.'s 56.1(a)(3) Stmt. ¶¶ 12, 13, 14 with Pl.'s 56.1(b)(3)(B) ¶¶ 12, 13, 14, 15.

In 1998, the company also had instituted a new reporting procedure for all of its sales representatives. That procedure was received by and signed for by the plaintiff, and it provided, among other things, that an individual sales person's performance would be regarded as unsatisfactory unless his weekly itinerary, including his sales calls, activities and objectives, were completed and submitted to the company using the sales automation system at the end of each week for the preceding week.[8] It is uncontested that the sales procedures and the performance guidelines were discussed regularly. It is also uncontested that the plaintiff was sometimes late in submitting information (despite his knowledge of the company's expectations) and this issue was addressed with his sales manager.

Although the plaintiff does not contest these facts, he denies being made aware that failure to meet the sales goals or comply with the reporting procedure were grounds for termination.[9] Quite simply, plaintiff seems to be contending that although he failed to meet his employer's legitimate expectations, he was not aware that termination would be the result. This contention simply fails to meet the requirements of plaintiff's prima facie case. Plaintiff must show that he met his sales quota and reporting requirements. His case is not advanced by admitting failure and then complaining that he did not realize termination could result if he did not live up to expectations.

Finally, not only has plaintiff failed to establish a *prima facie* case of age discrimination under the McDonnell Douglas burden shifting approach but, even if he had, he would still have to show that defendant's stated reason for terminating him and hiring Ross-Thiele were pretextual. Yet, plaintiff has not produced any evidence that

---

[8] See Pl.'s 56.1(b)(3)(B) ¶¶ 17,18,19,20.
[9] Id.

casts doubt on the sincerity of the reasons given, except for perhaps his past years of "above average service"[10] and the "stray" remarks discussed earlier. These pieces of evidence hardly create a triable issue on pretext.

## Conclusion

For the reasons stated herein, defendant Dreisilker Motor's Inc. is entitled to judgement as a matter of law on plaintiff's claims against it. Accordingly, Dreisilker's motion for summary judgment is granted.

**ENTER:**

UNITED STATES SENIOR DISTRICT JUDGE

DATED: 6/21/01

---

[10] See Pl.'s 56.1(b)(3)(A) ¶ 4.